UNITED STATES v. NORTH GERMAN LLOYD S. S. CO.

(Circuit Court, S. D. New York. April 22, 1911.)

ALIENS (§ 40*)—DEPORTATION AT CARRIER'S EXPENSE—TIME LIMIT—STATUTES
—RETROACTION.

Act Cong. March 26, 1910, c. 128, 36 Stat. 263, abrogating the three-year time limit for deportation of aliens at the expense of the carrier by which they unlawfully entered, does not operate retroactively, and hence does not apply to an alien prostitute, where the three-year limit expired in February, 1908.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 100; Dec. Dig. § 40.*]

Action by the United States of America against the North German Lloyd Steamship Company. On demurrer to the bill of complaint. Demurrer sustained.

Henry A. Wise, U. S. Atty.
Lucius H. Beers, for defendant.

LACOMBE, Circuit Judge. With a single amendment, this is the same complaint which was before this court, and held bad on demurrer, in opinion filed February 9, 1911 (185 Fed. 158), which may be referred to for a full statement of the facts and quotations from the statutes. The amendment adds the averment that when Aurelia Darlet arrived in this port on one of defendant's steamers, February 14, 1905, she "was a prostitute, but the fact that she was a prostitute was not known by defendant, nor by the immigration officials of the United States."

The statute in force when the alien came here was Immigration Act March 3, 1903, c. 1012, §§ 19, 21, 32 Stat. 1218, under which, in the case of aliens entering the country in violation of law, deportation from the port of arrival at the expense of the owner of the vessel by which they came might be had "within the period of three years after landing or entry therein." In the case of Darlet this three-year period expired February 14, 1908. Nearly two years later, March 26, 1910, the immigration act was amended (Act March 26, 1910, c. 128, 36 Stat. 263), so as to do away with the three-year limitation of the provisions as to deportation.

The only question is whether the amending act shall be construed as retroactive, so as to reimpose upon the steamship company the obligation which it assumed when it brought the alien here, and which had terminated by its own limitation nearly two years before the amendment was passed. In the former opinion the conclusion was reached that it was not the intention of Congress that the amendment should operate retroactively.

This opinion remaining unchanged, the demurrer is sustained.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes