UNITED STATES v. INTERNATIONAL MERCANTILE MARINE CO.

(District Court, E. D. Pennsylvania. March 7, 1913.)

No. 1,854.

ALIENS (§ 57*)—DEPORTATION—CARRIER'S EXPENSE—STATUTES—RETROACTIVE OPERATION.

Act Cong. March 26, 1910, c. 128, § 1, 36 Stat. 263 (U. S. Comp. St. Supp. 1911, p. 500), abrogating the three-year time limit for deportation of immoral aliens at the expense of the carrier by which they were unlawfully entered, does not operate retroactively, and hence did not entitle the United States to recover from the steamship company, by which an alien prostitute was brought to the United States, the expense of her deportation; the three-year limit having expired in September, 1908, and she not having been ordered deported until July, 1910.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 114; Dec. Dig. § 57.*]

Action by the United States of America against the International Mercantile Marine Company. On demurrer to plaintiff's statement of claim. Sustained.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Walter C. Douglas, Jr., Asst. U. S. Atty., and John C. Swartley, U. S. Atty., both of Philadelphia, Pa.

Biddle, Paul & Jayne, of Philadelphia, Pa., for defendant.

J. B. McPHERSON, Circuit Judge. The government sues to be reimbursed the cost of deporting an alien prostitute, and the statement of claim sets out in substance the following facts:

On September 8, 1905, Louise Chomel, a native Frenchwoman, arrived at Boston from Antwerp on the Manitou, one of the defendant's steamships; on July 6, 1910 (nearly five years thereafter) the Acting Secretary of Commerce and Labor—being satisfied after due hearing that she had been a prostitute at the time of entry, and that she was still a prostitute, and had been found in the practice of that profession, having been found in the employment of, and in connection with, a house of prostitution since her entry into the United States—ordered her deportation at the expense of the defendant; proper demand upon the company was made and refused; and the government was therefore obliged to bear the necessary cost.

The statement is demurred to on the ground that the amendment of March 26, 1910 (36 Stat. 263, c. 128, § 1 [U. S. Comp. St. Supp. 1911, p. 500]), to the Immigration Act of 1907 (Act Feb. 20, 1907, c. 1134, § 2, 34 Stat. 898 [U. S. Comp. St. Supp. 1909, p. 448]), did not operate retroactively, so as to require a steamship company to pay the cost of deportation in a case like the present, where (at the time the amendment was passed) the company was already protected by the expiration of the three years' period of limitation within which proceedings to deport were confined by the legislation in force before 1910. As will be observed, this period expired in September, 1908, nearly two years before the amendment. The question has been decided by Judge Lacombe in United States v. North-German Lloyd S. S. Co. (C. C.) 185 Fed. 158, and 186 Fed. 672, especially by the decision in 186 Fed., which was rendered after the declaration in that suit had been so amended as to present the question that is now under consideration. The ruling in New York was then acquiesced in, but the government may now have reasons for desiring this indirect review, and I need not undertake the superfluous task of making an independent examination of the question. I shall therefore follow Judge Lacombe's decision and sustain the demurrer. If the government has any ground upon which to amend the statement, a motion to amend may be made within five days; in default of such motion, the clerk is directed to enter judgment for the defendant upon the demurrer.